UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10200-GAO

MICHAEL FARQUHARSON,
Plaintiff,

v.

BELINDA METZ,
Defendant.

ORDER
July 30, 2013

O'TOOLE, D.J.

## I.    Background

In the 1990s the plaintiff and defendant jointly owned a home in Ontario, Canada, and had a daughter together. Their relationship ended in March 1996, and they entered into a privately negotiated, written Separation Agreement ("the Agreement"). The plaintiff, Michael Farquharson, moved to Massachusetts, while the defendant, Belinda Metz, remained in Canada with their daughter. Farquharson alleges that Metz breached the Agreement by relocating in 1997 and failing to apprise him of his daughter's whereabouts. He further alleges that between 2009 and 2012, Metz used Facebook to post defamatory statements about him, causing damage to his reputation and inflicting emotional distress.

Metz moves to dismiss the Complaint for, among other grounds, lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), as she is a Canadian citizen and domiciliary who conducts no business in Massachusetts. Farquharson contends that this Court may exercise both general and specific jurisdiction over Metz.

**II.**     **Discussion**

The plaintiff bears the burden of establishing that the exercise of personal jurisdiction over the defendant by this Court is proper. See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the prima facie standard governs its determination." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (internal quotation marks omitted). "The prima facie showing must be based upon evidence of specific facts set forth in the record. . . . To meet this requirement, the plaintiff must go beyond the pleadings and make affirmative proof." Id. at 618-19 (internal quotation marks omitted). The Court "accept[s] the plaintiff's (properly documented) evidentiary proffers as true and construe those facts in the light most congenial to the plaintiff's jurisdictional claim." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (internal quotation marks omitted).

   A.     General Jurisdiction

General jurisdiction exists where an entity has "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1993). In support of general jurisdiction, Farquharson points to Metz's travels to Massachusetts in the 1990s, her communications with Farquharson and his wife in Massachusetts, and her communications with Massachusetts residents through Facebook. Such sporadic and tenuous contacts with the forum state do not constitute continuous and systematic activity sufficient to give rise to general jurisdiction.

B.     Specific Jurisdiction

Specific jurisdiction may be exercised over a defendant in this district only if the defendant's conduct falls within the scope of the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, and if the exercise of jurisdiction comports with the requirements of due process. Hannon, 524 F.3d at 280. Because the Supreme Judicial Court has interpreted the long-arm statute as coextensive with the limits established by the Constitution, it is expedient to proceed directly to the due process analysis. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002) (citing "Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp., 280 N.E.2d 423, 424 (Mass. 1972)).

The exercise of specific jurisdiction is constitutional where:

> the claim underlying the litigation . . . directly arise[s] out of, or relate[s] to, the defendant's forum-state activities . . . the defendant's forum-state contacts . . . represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable . . . [and] the exercise of jurisdiction . . . [is] reasonable.

Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 713 (1st Cir. 1996) (citations omitted).

### i.   Relatedness

Farquharson points to Metz's allegedly defamatory Facebook posts, contending that his claims for defamation and intentional infliction of emotional distress directly arise out of Metz's forum-state activities. Although it is contested whether Metz's posts were Massachusetts activities or contacts, Farquharson's claims do arise out of Metz's conduct. He has made a prima facie showing of relatedness.

### ii.  Purposeful Availment

To establish purposeful availment, a plaintiff must show "(1) that it felt the injurious effects of a defendant's tortious act in the forum, and (2) that the defendant's act was calculated

to cause injury to the plaintiff there." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 632-33 (1st Cir. 2001) (citations omitted) (articulating two-part test under Calder v. Jones, 465 U.S. 783 (1984)). There is no dispute that Farquharson allegedly felt the injury resulting from Metz's conduct in Massachusetts.

Farquharson makes several allegations in support of his argument that Metz's Facebook posts were calculated to cause injury to him in Massachusetts. He alleges that Metz made defamatory statements about a Massachusetts resident, knowing that he would suffer injury there, particularly because those who would be most interested in such statements were also Massachusetts residents. He also alleges that she knew that her comments would reach Massachusetts residents with whom she is "friends" on Facebook.

The parties dispute whether Metz had any Facebook "friends" residing in Massachusetts, and it is doubtful that Farquharson has gone "beyond the pleadings and ma[d]e affirmative proof." Swiss Am. Bank, Ltd., 274 F.3d at 619. But even when viewing Farquharson's factual allegations in the light most favorable to him, I am not convinced that Metz's were "expressly aimed" at the forum state, as required by the Supreme Court's decision in Calder, 465 U.S. at 789. The facts of this case differ wildly from those of Calder, where the defendant reporters "reasonably anticipate[d] being haled into court" in California because they intended injury to be felt in California, and the publication they wrote for had its largest circulation – over 600,000 copies – in California. Id. at 789-90.

By contrast, Metz posted content that could be seen by any of her Facebook "friends," and perhaps by "friends of friends" as Farquharson alleges, but she did not take any additional steps to specifically aim content at any Massachusetts residents. Cf. BroadVoice, Inc. v. TP Innovations LLC, 733 F. Supp. 2d 219, 226 (D. Mass. 2010) (noting that "Bednar did nothing to

4

incite residents of Massachusetts – as opposed to the world at large – to take up arms against BroadVoice," whose principal place of business was in Massachusetts and who would reasonably be expected to suffer injury in Massachusetts).

Further, I am also not persuaded by Farquharson's assertion that because Metz knew or should have known that some Massachusetts residents would be interested in statements made about him, she must therefore have directed her posts at Massachusetts.

Farquharson has failed to make a sufficient showing of purposeful availment.

      *iii.*    *Reasonableness*

Ultimately, the exercise of jurisdiction over Metz must be reasonable. See Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995). In assessing reasonableness, courts must weigh the following "gestalt factors":

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995).

The first factor weighs strongly in favor of Metz, as it would be highly burdensome for her to litigate in the United States. The second factor is neutral; although Massachusetts has an interest in adjudicating claims alleging injury within its borders, see Nowak, 94 F.3d at 718, it has a far lesser interest in a dispute over a Canadian contract that was allegedly breached in Canada. The third factor may at first glance seem to favor the plaintiff, but if the Court were to obtain jurisdiction, the contract claim would be dismissed because the forum selection clause calling for adjudication in Ontario would be enforced. Farquharson would have to litigate in two different forums to obtain full relief. The fourth and fifth factors also do not weigh in Farqhuarson's favor.

In sum, Metz has not purposefully availed herself to the laws of Massachusetts such that she should reasonably anticipate being haled into court here, but even if she had, the exercise of jurisdiction would be unreasonable under the circumstances.

### III. Conclusion

For the reasons stated herein, the defendant's Motion (dkt. no. 5) to Dismiss is GRANTED. The Complaint is DISMISSED.

It is SO ORDERED.

                                                  /s/ George A. O'Toole, Jr.
                                                  United States District Judge